Curia, per

Evans, J.
If Jugnot bad attached a debt really due to Cuvillier, there would be no doubt that a payment of the money into Court, and the delivery of it to the plaintiff in attachment, would have discharged the defendant from the payment of it to Cuvillier. All the authorities agree in this, and this is the result of the case quoted in the argument. But the present is a very different question Here the plaintiff claims the debt as due to him, and from the evidence offered, it seems very clear the goods were purchased from him. Cuvillier seems to have been once the owner, but the evidence of sale to the plaintiff was pretty clearly established, unless there was some collusion between them to defraud the creditors of Cuvillier. If there was so, then that point should have been submitted to the jury. The case, as presented here is, whether the plaintiff, Olin, is estopped by the proceedings in the case in attachment of Jugnot vs. Cuvillier. I am of opinion he is not. There is nothing in the attachment Act which requires him to come and litigate his rights in a suit to which he is not a party. If Olin was a mere agent to sell the goods, and the debt due for them was Cuvillier’s, then it might *136 have been attached in his hands, and if he had failed to assert his right, he would have been bound by the record. But in this case Jugnot did not make him a garnishee, and he had only verbal information that the money was attached. Under our practice he might, perhaps, have come in and had an issue to try the question, whether the money due for the goods was his, or the absent debtor’s ; but I do not know of any legal principle which makes it obligatory on him to do so. There is no such obligation imposed by the attachment Act. The defendants purchased the goods from the plaintiff. He sold the goods as his own, and nothing appears to the contrary, but that the debt was due to him. The defendants have voluntarily involved *themselves in the difficulty, by suggesting a doubt whether the money, or a part of it, might not belong to Cuvillier; for, independent of their return, as garnishee, there is not the slightest evidence to impugn the plaintiff’s right to the money. Their course was a very plain one. They had no dealings with Cuvillier. All they had to do, was to return they had nothing belonging to him. But they chose to offer to pay the money into Court, and in consequence, the money was paid into Court, without the plaintiff’s knowledge or consent, and Jugnot has received it as Cuvilier’s money, on giving his bond to repay, if he should fail to prosecute his suit to judgment, or the absent debtor should, in a year and a day, discharge himself from the demand. By this course of proceeding, the plaintiff’s right to recover his debt is not impaired. The proceedings in attachment do not estop him from demanding and receiving it, if the debt is bona fide his, and not the ■absent debtor’s. The motion for a new trial is therefore granted.
See 2 Sp. 116, 390. An.
Gantt, O’Neall, Earle, and Butleu, JJ., concurred.